UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LADD,<br>　　Plaintiff,<br>　　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　Defendant. | NO. EDCV 12-210 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Charles Ladd filed this action on February 23, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on March 7 and 12, 2012. (Dkt. Nos. 7, 9.) On December 26, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On May 20, 2008, Ladd filed an application for disability insurance and supplemental security income benefits alleging an onset date of December 13, 1994. AR 9. The applications were denied initially and upon reconsideration. AR 51-54. Ladd requested a hearing before an Administrative Law Judge ("ALJ"). On November 18, 2009, the ALJ conducted a hearing at which Ladd and a vocational expert ("VE") testified. AR 26-50. On February 8, 2010, the ALJ issued a decision denying benefits. AR 6-21. On December 19, 2011, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that, for purposes of the application for disability insurance benefits, Ladd's date last insured was June 30, 1998. AR 9. Ladd had previously been found not disabled by a decision dated May 21, 1998. The prior decision was final and no new evidence had been submitted for that prior period. Therefore, the period of adjudication is May 22 through June 30, 1998. *Id.* During this period, there is a presumption of continuing nondisability, which had not been rebutted by Ladd. *Id.* The ALJ found that Ladd had the severe impairments of disc degeneration and disc bulging in the cervical and lumbar spines and borderline intellectual functioning. AR 12. He had the residual functional capacity ("RFC") to perform the full range of sedentary work. AR 12-13. Although Ladd could not perform any past relevant work, there were jobs that existed in significant numbers in the national economy that he could perform. AR 13.

With respect to Ladd's application for supplemental security income, Ladd was previously found not disabled by a decision dated November 18, 2002. AR 10. The ALJ found that Ladd had rebutted the continuing presumption of nondisability due to changed circumstances including a change in age category and new medical records. *Id.*

Ladd had the severe impairments of degenerative disc disease, right eye blindness, major depressive disorder and a history of polysubstance abuse. AR 14.  He had the RFC to perform a range of medium work as follows:  he "can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can push and/or pull within the same weight limits; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he can frequently bend, stoop, kneel, and crawl; he has no limitations with respect to balancing, climbing, squatting or crouching; and he has a limited field of vision peripherally on the right side.  With respect to nonexertional limitations, [he] has more than a slight limitation, but is able to function satisfactorily, with respect to the ability to carry out detailed instructions and the ability to interact appropriately with the general public and is able to perform simple repetitive tasks in a non-public setting." AR 15.  Although he has no past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform such as parking lot attendant, product sorter and cashier II.  AR 19-20.  All of these representative occupations are light, unskilled work.  AR 20.

Ladd was found disabled as of March 15, 2010.  AR 2.  The Appeals Council found that "this information does not warrant a change in the [ALJ's] decision." *Id.*

C. **Treating Physicians**

Ladd argues that the ALJ did not properly consider the opinion of Dr. Nguyen, who completed a Work Capacity Evaluation (Mental) dated February 9, 2009.  AR 406-07.  Ladd submitted the form after the hearing.  AR 405.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v.*

4

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On the check-the-box form, Dr. Nguyen found marked limitations in all areas of work functioning.  AR 406-07.  The term "marked" was defined as serious limitations, with the ability to function being "severely limited but not precluded."  AR 406.

The ALJ found that Dr. Nguyen's evaluation had no probative value because it is a check-the-box form that "lacks any explanation and [] is not supported by any objective evidence."  AR 18.  Specifically, Dr. Nguyen's medical notes "do not document any persistent symptoms that would indicate the presence of marked limitation with respect to every single ability included on this form."  *Id.*  Moreover, Dr. Nguyen's medication regimen remained unchanged over time, which raised the inference that Ladd was stable on medication.  *Id.*

The ALJ articulated specific and legitimate reasons supported by substantial evidence in the record for discounting Dr. Nguyen's opinion.  An ALJ may discount a check-the-box report that does not explain the basis of its conclusions.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report); *see also Thomas*, 278 F.3d at 957 (an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings").  Dr. Nguyen's evaluation form

5

does not contain any explanation or basis for the limitations. AR 406-07. Ladd does not appear to dispute the ALJ's interpretation of Dr. Nguyen's treatment notes as not supporting the marked limitations set forth in the evaluation form.[1]

Ladd argues the ALJ had a duty to recontact Dr. Nguyen if he found the opinion unsupported. However, rejection of a treating physician's opinion does not by itself trigger a duty to contact the physician for further explanation. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). The ALJ did not err.

### D. **Examining Physician**

Ladd contends the ALJ did not properly consider the opinion of the examining psychologist, Dr. George-Barber.

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn*, 495 F.3d at 631. When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Dr. George-Barber conducted a psychological evaluation, including a mental status examination, on July 29, 2008. AR 243-50. She diagnosed major depression, recurrent, moderate with psychotic features, with a current Global

---

[1] Ladd's argument that the ALJ acknowledged his impairments of major depressive disorder and history of polysubstance abuse is insufficient. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (mere existence of symptoms or impairment is insufficient proof of disability).

6

Assessment of Functioning score of 50-55.[2] AR 248-49. Dr. George-Barber made the following functional assessment: Ladd's "ability to understand, carry out, and remember simple instructions is not impaired but his ability to understand, carry out, and remember complex instructions is moderately-to-severely impaired. His response to coworkers at the time he was working appears to be good but he stated that if he had to do any type of work at this point, he would be moderately impaired. The claimant's ability to respond appropriately to usual work situations is moderately impaired. The claimant's ability to deal with changes in a routine work setting is moderately impaired." AR 249.

The ALJ found that Dr. George-Barber's findings were consistent with the state agency review psychiatrists' findings, to which he gave great weight. AR 18. The ALJ found Ladd to be capable of performing simple repetitive tasks in a non-public setting. AR 15.

Ladd argues that the ALJ did not take into account moderate impairment in his response to coworkers and his ability to respond to usual work situations and changes in a routine work setting. The state agency review psychiatrist found Ladd moderately impaired in his ability to carry out detailed instructions, interact appropriately with the general public, and maintain concentration, persistence or pace. AR 252-53, 263. He translated these moderate limitations into an RFC of simple repetitive tasks in a non-public setting. AR 265. Dr. George-Barber also found that Ladd's ability to understand, carry out and remember simple instructions was not impaired. AR 249. Dr. George-Barber did not opine that Ladd would be moderately impaired in his response to coworkers; she merely

---

[2] A score of 51-60 indicates moderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social or occupational functioning (*e.g.,* few friends, conflicts with peers or co-workers). A score of 50 indicates serious symptoms or serious impairment in social or occupational functioning (*e.g.,* no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. text rev.).

repeated Ladd's assertion that he would be so impaired. Ladd has not shown that moderate impairment in his response to coworkers and his ability to respond to usual work situations and changes in a routine work setting would preclude him from performing simple repetitive tasks in a non-public setting. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (restriction to simple tasks does not constitute rejection of opinion that claimant had slow pace and was moderately limited in ability to perform at consistent pace and in other mental areas). Ladd has not shown error.

### E. RFC

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC assessment is a determination of "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Ladd argues that the ALJ did not consider his moderate impairment in his response to coworkers and his ability to respond to usual work situations and changes in a routine work setting. As discussed above, however, it is not evident that such moderate impairments would translate into any additional restrictions in the RFC. Ladd has not shown error.

### F. Hypothetical to VE

An ALJ may rely on testimony a VE gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217-18.

Ladd again argues that the ALJ did not include a moderate impairment in his response to coworkers and his ability to respond to usual work situations and changes in a routine work setting. It is not evident that such moderate impairments would translate into additional restrictions. The ALJ defined moderate impairment as more than a slight limitation but the individual is still able

8

to function satisfactorily. AR 43. The ALJ's hypothetical contained the limitations he found supported by substantial evidence. *See Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [the plaintiff] had claimed, but had failed to prove.").

### G. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Ladd's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. AR 16.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*, 495 F.3d at 635 (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain;

9

precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13)[3] (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Ladd's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent those statements are inconsistent with the residual functional capacity assessment." AR 16. The ALJ discounted Ladd's credibility for three reasons: (1) Ladd's "less than forthcoming" statements in his application for benefits; (2) Ladd's attempt to exaggerate the nature of his treatment for back pain; and (3) lack of objective medical evidence to support the alleged severity of symptoms. AR 16, 18.

An ALJ may properly consider inconsistencies in testimony or between testimony and conduct when weighing a claimant's credibility. *Orn,* 495 F.3d at 636; *Thomas*, 278 F.3d at 958-59. An ALJ may engage in ordinary techniques of credibility evaluation, such as considering inconsistencies in a claimant's statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ noted that in his current application for benefits Ladd listed no jobs when asked to list all the jobs he had in the 15 years before he became unable to work.

---

[3] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

10

AR 16, 203-10. By contrast, the previous ALJ decisions indicated Ladd worked in three different occupations within 15 years of the alleged onset date of December 13, 1994. AR 16, 67, 77-78, 86. Further, the ALJ noted that Ladd testified he took a muscle relaxant in addition to ibuprofen for back pain. However, the ALJ found no prescription for a muscle relaxant in the record and noted that Ladd's previous applications did not report any medications. AR 16, 39-40, 218-19, 228-29. The ALJ's findings are supported by substantial evidence.

The ALJ also considered the lack of medical evidence to support the alleged severity of Ladd's symptoms. AR 16, 18. Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Moreover, "[e]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

The ALJ's reasons for discounting Ladd's credibility are supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan*, 169 F.3d at 600).

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 20, 2013

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

11